Anthony J. Cerrato, J.
This is a motion by the defendant, County of Westchester (hereinafter referred to as "County”) for a judgment dismissing the complaint upon the ground that said complaint fails to state a cause of action (CPLR 3211, subd [a]) and further, upon the ground that a necessary party has not been joined in this action. Plaintiff cross-moves for an order directing the defendant, County of Westchester, to certify the codefendant Boyd B. Nafus (hereinafter called "Nafus”) to be eligible for Medicaid assistance.
Plaintiff is a voluntary not-for-profit nursing home render *197 ing nursing services on a voluntary basis. Plaintiff is also a participant in the New York State Medicaid Program: established pursuant to the New York State Social Services Law (art 5, § 363 et seq.) under a plan established under title XIX of the Federal Social Security Act (US Code, tit 42, § 1396 et seq.)
The defendant County pursuant to section 365 of the Social Services Law of the State of New York is the provider of public assistance to persons eligible, therefore, in fact, the County is responsible for approval of applications by persons requesting eligibility for receipt of Medicaid coverage (Social Services Law, § 366).
On or about the 13th day of March, 1974, defendant Nafus was the owner of a certain parcel of real property located in the City of New Rochelle, which property was, on said date, transferred to the codefendant Fosina. On or about May 15, 1974 Nafus applied for medical assistance from the Westchester County Department of Social Services. This application was denied because it was alleged that the aforesaid transfer was made without consideration and was made in order to qualify Nafus for medical assistance.
A subsequent administrative hearing affirmed the denial of aid and thereafter, an article 78 proceeding that had been commenced to review the administrative hearing, was dismissed.
In any event, during September or October, 1975 Nafus filed a second application for medical assistance and again, the application was denied on the basis of the transfer of the real property in March, 1974.
Subdivision 1 of section 366 of the Social Services Law provides for the granting of medical assistance to a person who requires such assistance and who: "(e) has not made a voluntary assignment or transfer of property for the purpose of qualifying for such assistance. A transfer of property made within one year of the date of application shall be presumed to have been made for the purpose of qualifying for such assistance.”
This statute does not mandate the denial, in perpetuity, of medical assistance where there has been a transfer of property within one year of the application for same. This is the position taken by the defendant County and, in the opinion of this court, said position is untenable. Were this court to assume that the statute may be so interpreted, the fact *198 remains that had Nafus sold the property, at an arm’s length transaction and at the fair market value and used the proceeds thereof to pay for the medical assistance rendered, the funds would have been used up long ago and accordingly, he would have been entitled to medical assistance now. The reason for this is the fact that the petitioner has provided services in excess of $28,000 and according to expert appraisers, the property transferred by Nafus to Fosina had a fair market value of approximately $24,000.
It has recently been held that the major responsibility for seeking reimbursement for medical services falls not with the patient for whose protection the assistance program was designed, but with the medical facility providing the services for which it seeks reimbursement (Matter of Peninsula Gen. Nursing Home v Sugarman, NYLJ, June 5, 1975, p 2, col 6; Mt. Sinai Hosp. v Kornegay, 75 Misc 2d 302; Knickerbocker Hosp. v Downing, 65 Misc 2d 278).
Thus, plaintiff, who has already provided and still continues to provide medical assistance to Nafus should be afforded rights to challenge the determination to deny Nafus assistance. To hold otherwise would relegate plaintiff to the unenviable position of having no recourse for compensation.
Accordingly, the within motion by defendant to dismiss is denied and the cross motion is granted to the extent of directing the defendant County to provide medical assistance to Nafus pending an administrative hearing on Nafus’ request for said assistance. Said hearing shall concern itself with the denial of Nafus’ second application and plaintiff herein shall be made a party to said administrative hearing and be accorded all rights of procedural due process.